IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XAVIER NEODINA, | ) | No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Jury Trial Demanded |
| | ) | |
| VILLAGE OF SCHAUMBERG, | ) | |
| ILLINOIS, JOHN CICHY, MATTHEW | ) | |
| HUDAK, TERRANCE O'BRIEN, | ) | |
| ALAN TAKEI, TOM GREENAWAY, | ) | |
| OFFICER SCHMITT, # 3306, | ) | |
| , | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMPLAINT

Plaintiff, Xavier Neodina, by and through his attorney, David A. Cerda, for his

First Amended Complaint alleges as follows:

1.    This is an action for money damages brought pursuant to 42 U.S.C. §

1983, the common law and statutes of the State of Illinois.

2.    Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331

and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the

claims arose in this district as alleged below.

4.    Plaintiff resided in the Northern District of  Illinois.

5. At all times relevant to this Complaint, the individual defendant-Officers Cichy, Hudak, O'Brien, Takei, Greenaway, and Schmitt were duly appointed and sworn police officers for the Schaumburg Police Department.

6. At all times relevant to this Complaint, the individual defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The individual defendant-Officers are sued in their individual capacities.

8. Defendant Village of Schaumburg is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the individual defendant-Officers

SPECIFIC ALLEGATIONS

9. On October 25, 2012, the individual defendants supplied false information to a judge to obtain a search warrant to search a residence in Streamwood, Illinois.

10. At that time, the individual defendants were engaged in a criminal conspiracy to obtain and sell drugs and steal from persons for their personal profit.

11. At that time, had the judge been informed by the defendants that they were engaged in a criminal conspiracy for personal profit the judge would not have issued a search warrant to search the Streamwood residence.

12. After obtaining the search warrant, the defendants searched the Streamwood residence and arrested the plaintiff.

- 2 -

13.   The plaintiff was subsequently jailed at the Cook County Jail where he was sexually assaulted.

14.   At no time prior to the time plaintiff left the Cook County Jail did the individual defendants inform the plaintiff, his attorneys, prosecutors or judges that they were involved in a criminal conspiracy at the time of plaintiff's arrest, incarceration and prosecution.

15.   The plaintiff suffered loss of his liberty extreme physical pain, extreme emotional distress, and financial loss as a result of the defendants' conduct.

COUNT I

(42 U.S.C. § 1983, False Arrest)

16.   Plaintiff realleges and incorporates herein by reference the foregoing paragraphs  as if set forth in full herein.

17.   The individual defendant Officers arrested plaintiff and did not have an probable cause, or any other legal justification to arrest plaintiff.

18.   The arrest of plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against these individual defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

COUNT II

(42 U.S.C. § 1983, Failure to Intervene Claim)

19.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs  as if set forth in full herein.

20.    The individual defendants had a reasonable opportunity to prevent and/or lessen the harmful conduct described herein but failed to do so. Plaintiff suffered harm as a result.

21.    The above–described conduct by the individual defendants against plaintiff was without cause or justification and violated plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the individual defendants and that he be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses and such further relief as this Court deems just.

COUNT III

(42 U.S.C. § 1983, Civil Conspiracy Claim)

22.    The plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

23.    The individual defendants acted in concert pursuant to an agreement to deprive Plaintiffs of their constitutional rights.

- 4 -

24.     The individual defendants knowingly and intentionally schemed and worked together in a common plan to falsely arrest plaintiff, illegally search plaintiffs' home, illegally damage and seize plaintiffs' property.

25.     The individual defendants then conspired and acted together to cover up their actions.

26.     The individual defendants made out false and incomplete official reports and gave false and incomplete versions of the events to other police officers in order to cover up their own misconduct.

27.     The above actions by violated the plaintiff's rights under the United States Constitution.

WHEREFORE, plaintiff requests that judgment be entered in favor of plaintiff and against the individual defendants, and that plaintiff be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses.

Count IV

(State Law Malicious Prosecution)

28.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

29.     The individual defendants instituted charges against plaintiff.

30.     There was no probable cause for such charges.

31.     The charges were terminated in a manner favorable to Plaintiff when the judge dismissed the charges against the plaintiff.

WHEREFORE, plaintiff requests that judgment be entered in favor of plaintiff and against the individual defendants, and that plaintiff be awarded compensatory and punitive damages, reasonable attorneys' fees, costs, and expenses.

COUNT V

(State Law Indemnification)

27.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

28.    Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

29.    The defendant sheriff officers are, or were at the pertinent time, employees of Cook County, Illinois who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against the Village of Schaumberg, Illinois and that he be awarded compensatory damages, costs, expenses, fees, and such further relief as is appropriate.

JURY DEMAND

Plaintiff demands trial by jury on all Counts.

Respectfully submitted,

/s/ David A. Cerda
David A. Cerda
Attorney for Plaintiff

- 6 -

David A. Cerda
Cerda Law Office
1624 West Division Street, Suite 209
Chicago, Illinois 60622
Telephone: (312) 467-9100
E-mail: dcerda@cerdalaw.com
A.R.D.C. No. 6203954